## The People v. Chester Bechtel.

[See 80 Mich. 623.]

*Criminal law—Complaint and examination—Jurisdiction of examining magistrate.*

This case is ruled by *People v. Bechtel, ante,* 623.

Exceptions before judgment from Bay.    (Cobb, J.) Argued May 1, 1890,   Decided May 9, 1890.

Respondent was convicted of engaging in the business of a retail liquor dealer without having paid the required tax.   Conviction affirmed.   The facts are stated in the opinion, and in *People v. Bechtel, ante,* 623.

*D. B. Richardson (Trask & Smith,* of counsel), for respondent.

*B. W. Huston,* Attorney General- *(Jay P. Lee,* of counsel), and *Curtis E. Pierce,* Prosecuting Attorney, for the people.

MORSE, J.   Bechtel was convicted in the circuit court for the county of Bay, of carrying on the business of a retail dealer of spirituous and intoxicating liquors without having paid the tax required by law.   When defendant appeared in court, he moved to quash the proceedings for the following reasons:

1. That the complainant had no personal knowledge of the facts set forth in the complaint and examination before the justice before the issuing of the warrant by said justice.

2. That the warrant issued by the justice upon the complaint and examination was entirely insufficient to cause the arrest of said defendant, for the reason that

no crime or offense is therein charged as having been committed, but it simply avers that complainant "has good reason to suspect, and does suspect," that an offense has been committed.

3. That the information charges a separate and distinct offense from that alleged in the complaint and warrant.

4. That the respondent has had no preliminary examination upon the offense charged in the information.

The motion was overruled, and, upon trial before a jury, the defendant was found guilty. The case comes into this Court upon exceptions before judgment. The only exception relied upon is the overruling of the motion to quash the information and discharge the defendant. The case is governed entirely by *People v. Bechtel, ante,* 623. In accordance with the opinion in that case, the conviction must be affirmed, and the court below directed to proceed to judgment and sentence upon the verdict.

The other Justices concurred.